I respectfully dissent from the majority for the reasons adduced below.
The majority bases its determination of mootness upon two grounds. First, that the post-release control sanctions and their disclosure do not apply by virtue of the trial court's failure to notify Linen of the post-release control sanctions at the taking of the guilty plea and at sentencing, which failure in notification is presumed by the majority to have excluded these sanctions from the sentence. Second, that disclosure of the post-release control sanctions is inapplicable because Linen was sentenced under R.C. Chapter 2971 (which pertains to the sentencing of sexually violent predators). This determination, I believe, is not warranted under existing law and a remand for re-sentencing is in order.
As correctly noted by the majority, Linen was convicted, in part, of a number of felony sex offenses in the form of multiple counts of gross sexual imposition. Pursuant to the express terms of R.C. 2967.28(B)(1), his sentence for gross sexual imposition was required to include a period of post-release control.[1] In addition, having been convicted of a felony sex offense, R.C. 2929.19(B)(3)(a)-(e) requires that certain disclosures be made to the defendant, including, that defendant may be subject to "bad time" while in prison and that defendant is subject to post-release control under R.C. 2967.28 upon release from incarceration. The majority simply sweeps these requirements away by asserting that R.C. 2929.19 and 2967.28 are inapplicable and that Linen was sentenced pursuant to R.C. 2971. Such an approach ignores the obvious and bisects relevant sentencing provisions from a complete sentencing quilt into a patchwork of unrelated cloth; treating the sentencing structure of the Revised Code as if it were a smorgasbord where a trial court is at liberty to pick and choose among any sentencing division which is expressly applicable, and render those provisions which are problematic to be "inapplicable." Simply put, the trial court, in addition to the strictures contained within R.C. 2971, was statutorily bound to include post-release controls in Linen's sentence on the felony sex offenses and was also required pursuant to R.C. 2967.28(B) and (C) to "inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods v. Telb
(2000), 89 Ohio St.3d 504, paragraph two of the syllabus.[2] This non-disclosure and failure to include post-release controls in the sentence pursuant to R.C. 2929.19(B)(3) and 2967.28 warrants a reversal and remand for re-sentencing. See State v. Wright (Sept. 20, 2000), Cuyahoga App. No. 77748, unreported, 2000 Ohio App. LEXIS 4482; State v.Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported, 2000 Ohio App. LEXIS 1922; State v. Linen (Feb. 17, 2000), Cuyahoga App. Nos. 74070 and 74071, unreported, at 11, 2000 Ohio App. LEXIS 654, citing State v.Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported, and State v.Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported.
[1] With regard to the convictions for gross sexual imposition, which are felony sex offenses pursuant to R.C. 2907.04 and 2967.28(A)(3), R.C.2967.28(B)(1) states in pertinent part the following:
 (B) Each sentence to a prison term * * *, for a felony sex offense, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be one of the following:
 (1) For * * * a felony sex offense, five years; * * *. (Italicization added.)
[2] It is unfathomable how the Majority scrivener, in granting the application for reopening, agreed with the appellant that the trial court failed to comply with R.C. 2929.19(B)(3) in not informing him of applicable post-release control as required, and further recognized that the State conceded that the appellant was entitled to a new sentencing hearing for the limited purpose of notification pursuant to the statute. See State v. Linen (Feb. 17, 2000), Cuyahoga App. Nos. 74070 and 74071, unreported, at 10-11. To now dismiss the appeal subsequent to a hearing on the basis that it was not necessary for the trial court to inform the appellant of post-release control sanctions is inconsistent.